## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MIKAYLA LAPINSKI,                               )
an individual,                                  )
                                                )
    Plaintiff,                             )      Case No.: 2:24-cv-10166
                                                )
v.                                              )
                                                )
SHARKNINJA OPERATING LLC, a                     )
Massachusetts Corporation,                      )
                                                )
    Defendant.                             )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MIKAYLA LAPINSKI** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.    This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Professional Plus Blender."

2.    Defendant SharkaNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Professional Plus Blender," which specifically includes the Model BN701 (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.      On or about November 30, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged.

4.      Specifically, Plaintiff opened the box and reached in to pull out the blender. When she reached in, she was cut by the blade that was uncovered and loose in the box.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINITFF MIKAYLA LAPINSKI

6.      Plaintiff is a resident of the City of Mountainside, County of Union, State of New Jersey and remains domiciled in the same.

7.      On or about November 30, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged. Specifically, Plaintiff opened the box and reached in to pull out the blender. When she reached in, she was cut by the blade that was uncovered and loose in the box.

## DEFENDANT SHARKNINJA OPERATING, LLC

8.      Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

9.      Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in

2

Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the United Kingdom and England for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District.

12.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

13.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

14.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

15.    The blade assembly packaging solely consists of a thin, plastic covering. There are no other safeguards – not even cardboard – that would prevent the consumer from being lacerated upon reaching into the blender's box.

3

16.    On the morning of November 30, 2022, Plaintiff was excited to use her brand-new Ninja Professional Plus Blender.

17.    Plaintiff opened the box and reached in to pull out the blender. When she reached in, she was cut by the blade that was uncovered and sitting loosely in the box.

18.    Plaintiff immediately began bleeding and was consumed with pain. She screamed, waking her parents, and then she passed out. Her parents rushed into the kitchen to find Mikayla lying on the floor, faint, with blood pouring from her hand.

19.     Plaintiff *attempted* to use her Ninja blender for its intended purpose of preparing meals and drinks for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

20.    However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

21.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

22.    Economic, safer alternative designs (eg. a simple carboard covering) were available that could have prevented the Ninja blender's blade for lacerating an unwary consumer.

23.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

24.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life,

4

and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 *et. seq.*)

31.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32.     This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

33.     At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

35.     Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid blender that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the blender did not conform to the implied and express warranties of the manufacturer about this product.

36.     Specifically, Defendant's blenders are unreasonably dangerous due to its loose, unsecured, uncovered blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

<u>**JURY TRIAL DEMANDED**</u>

1.     Plaintiffs are entitled to and demand a trial by jury.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.  On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

Date: <u>October 30, 2024</u>

<u>*/s/ Marc Grossman, Esq.*</u>
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN 0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

6